UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RENE ROLLAND                              CIVIL ACTION

VERSUS                                    NO. 10-3883

HAROLD PRINCE, WARDEN OF                  SECTION "S"(5)
ELAYN HUNT C.C.

REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge
for the purpose of conducting hearings, including an evidentiary
hearing, if necessary, and submission of proposed findings and
recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B)
and (C), and as applicable, Rule 8(b) of the Rules Governing
Section 2254 Cases. Upon review of the entire record, the Court
has determined that this matter can be disposed of without an
evidentiary hearing. For the following reasons, it is hereby
recommended that the instant petition be **DISMISSED WITH PREJUDICE**
as untimely.

**PROCEDURAL HISTORY**

On May 5, 1994, petitioner, Rene Rolland, was indicted by the
Jefferson Parish Grand Jury with the aggravated rape of Anne

Comardelle, his step-daughter, committed during the period between December, 1975 and March 2, 1976.  On August 22, 1994, pursuant to a plea agreement entered into with the State, Rolland pled guilty to the charges of forcible rape and aggravated incest before Twenty-Fourth Judicial District Court Judge Patrick McCabe.  In accordance with the plea agreement, Judge McCabe, in connection with the forcible rape conviction, sentenced Rolland to forty years incarceration, two years of which would be served without benefit of parole, probation or suspension of sentence.  In connection with his aggravated incest conviction, the court sentenced Rolland to twenty years incarceration.  Judge McCabe specified that the sentences were to run concurrently and that Rolland was to receive credit for time served.[1]  Thereafter, Rolland had five days within which to file a motion for an appeal in connection with his convictions and sentences.  <u>See</u> La. Code Crim. P. art. 914.[2] Rolland, however, did not seek a timely appeal of his convictions. As such, Rolland's convictions and sentences were rendered final on

---

[1]State rec., vol. 1 of 4, pp. 33-44.

[2]Pursuant to Acts 2003, No. 949, §1, La.C.Cr.P. art. 914 was amended to provide defendants with 30 days within which to timely appeal their conviction and/or sentence.

August 29, 1994.  <u>See</u> <u>State v. Counterman</u>, 475 So.2d 336, 338 (La. 1985).[3]

On May 17, 1995, counsel filed on Rolland's behalf a motion to correct an illegal sentence with the state district court, complaining that his sentences constituted a violation of his constitutional protection against ex post facto laws in that the district court sentenced him pursuant to the laws in effect at the time of the sentencing, rather than the laws in effect at the time he committed the acts for which he was convicted.[4]  On November 8, 1995, counsel filed a "Motion for Appeal", moving the district court "to enter an Order of Appeal to the Fifth Circuit Court of Appeal" based upon the fact that Rolland was "aggrieved by the Sentence rendered herein on the 22nd day of August, 1994".[5]  On that

---

[3]Because the time period is less than seven days, legal holidays are excluded from the computation of time.  <u>See</u> La.C.Cr.P. art. 13. Because August 27 and 28, 1994, were Saturday and Sunday, respectively, they were not included in the computation of Rolland's deadline for timely appealing his convictions.

[4]There is no record of Rolland's May 17, 1995 motion to correct an illegal sentence in the district court's Chronological Index contained in the State rec., vol. 2 of 4.  However, a copy of said motion is contained in the State rec., vol. 1 of 4, as an exhibit to  the State's "Opposition to Supervisory Writs" filed with the Louisiana Fifth Circuit Court of Appeal on February 22, 1996.

[5]State rec., vol. 1 of 4, pp. 7 and 31.

same date, Judge McCabe granted Rolland's motion for appeal and dismissed "all pending motions".[6]

On February 3, 1996, counsel filed with the Louisiana Fifth Circuit Court of Appeal a pleading entitled "Writs of Certiorari, Mandamus and Prohibition", No. 1996-KA-11, again complaining that Rolland's sentences constituted a violation of his constitutional protection against ex post facto laws.[7]   On April 30, 1996, the Louisiana Fifth Circuit Court of Appeal dismissed Rolland's action, No. 1996-KA-11, as untimely, advising that Rolland's appropriate avenue for relief was an application for post-conviction relief. State v. Rolland, 673 So.2d 1229, 1230 (La. App. 5 Cir. 1996).

On June 11, 1997, Rolland's counsel filed with the state district court an "Application for Post Conviction Relief", once again complaining that his sentences constituted a violation of his constitutional protection against ex post facto laws.[8]   On

---

[6]State rec., vol. 1 of 4, pp. 7 and 32.   During a November 9, 1995 hearing, Judge McCabe made clear that in light of the court's granting of Rolland's motion for appeal, all pending motions, including the motion to correct an illegal sentence, would be dismissed so the issues raised therein could be handled on appeal. A transcript of the November 9, 1995 hearing is contained in the State rec., vol. 2 of 4, pp. 99-101.

[7]A copy of Rolland's February, 1996 "Writs of Certiorari, Mandamus and Prohibition", No. 1996-KA-11, is contained in the State rec., vol. 1 of 4.

[8]State rec., vol. 2 of 4, pp. 41-53.

September 17, 1998, a hearing was held in connection with Rolland's post-conviction application, following which Twenty-Fourth Judicial District Court Judge Henry Sullivan denied Rolland post-conviction relief.[9] On October 16, 1998, counsel filed a "Motion for Appeal", moving the district court "to enter an Order of Appeal to the Fifth Circuit Court of Appeal" because Rolland was "aggrieved by the decision rendered herein on or about the 17th day September, 1998, to deny [him] Post Conviction Relief to correct an illegal sentence".[10] On March 23, 2000, Judge Sullivan granted Rolland's motion for appeal.[11] However, on March 29, 2001, the Louisiana Fifth Circuit Court of Appeal, due to counsel's failure "to take any action", dismissed Rolland's appeal. State v. Rolland, No. 2000-KA-1673 (La. App. 5 Cir. 2001) (unpublished decision).[12]

On September 27, 1999, while the above appeal proceedings were pending, Rolland filed with the state district court a pro se motion to correct an illegal sentence.[13] On October 26, 1999, Judge

---

[9]A transcript of the September 17, 1998 hearing is contained in the State rec., vol. 2 of 4, pp. 103-114.

[10]State rec., vol. 2 of 4, pp. 72-73.

[11]State rec., vol. 2 of 4, p. 73.

[12]A copy of the court's March 29, 2001 unpublished Order is contained in the State rec., vol. 3 of 4.

[13]State rec., vol. 2 of 4, pp. 74-77.

Sullivan issued an Order denying Rolland's motion to correct an illegal sentence, finding said motion to be untimely and to be without merit.[14]

On June 20, 2005, Rolland filed with the state district court a second pro se motion to correct an illegal sentence.[15]  On July 11, 2005, Judge McCabe issued an Order denying Rolland's motion as repetitive.[16]

On July 31, 2005, Rolland filed with the state district court a motion to reconsider its July 11, 2005 decision, along with notice of intent to seek writs in connection with the district court's July 11, 2005 decision.[17]  On August 18, 2005, Judge McCabe issued an Order denying Rolland's motion for reconsideration.  With regard to Rolland's notice of intent to seek writs, Judge McCabe gave Rolland until September 15, 2005 in which to timely file a

---

[14]State rec., vol. 2 of 4, pp. 79-80.  There is no evidence that Rolland sought relief from the state appellate court in connection with the district court's adverse decision.

[15]A copy of Rolland's pro se June, 2005 motion is contained in the State rec., vol. 3 of 4.

[16]A copy of Judge McCabe's July 11, 2005 Order is contained in the State rec., vol. 3 of 4.

[17]A copy of Rolland's motion to reconsider and notice of intent to seek writs are contained in the State rec., vol. 3 of 4.

writ application with the Louisiana Fifth Circuit Court of Appeal.[18] The Louisiana Fifth Circuit Court of Appeal, however, on October 5, 2005, denied Rolland's writ application, finding "no error in the trial court's ruling of July 11, 2005, on relator's Motion to Correct an Illegal Sentence." State v. Rolland, No. 2005-KH-848 (La. App. 5 Cir. 2005) (unpublished decision).[19] On September 15, 2006, the Louisiana Supreme Court likewise denied Rolland relief, finding his writ application to be repetitive. State ex rel. Roland v. State, 936 So.2d 1259 (La. 2006).

Rolland filed another writ application, No. 2009-KH-482, with the Louisiana Supreme Court which was "transferred to the Fifth Circuit Court of Appeal for consideration pursuant to the procedures outlined in that court's en banc resolution of September 9, 2008. See State v. Cordero, 08-1717 (La. 10/3/08), 993 So.2d 203." State ex rel. Rolland v. State, 7 So.3d 1186 (La. 2009). On March 1, 2011, the Louisiana Fifth Circuit Court of Appeal denied Rolland relief. Rolland v. State, No. 09-WR-516 (La. App. 5 Cir. 2011) (unpublished decision).[20]

---

[18]A copy of Judge McCabe's August 18, 2005 Order is contained in the State rec., vol. 3 of 4.

[19]A copy of the state appellate court's unpublished October 5, 2005 decision is contained in the State rec., vol. 3 of 4.

[20]A copy of the Louisiana Fifth Circuit's March 1, 2011 unpublished opinion is attached hereto.

On September 29, 2010, while his writ application was still pending before the Louisiana Fifth Circuit Court of Appeal, Rolland filed the instant habeas corpus petition complaining that his sentences constitute a violation of his constitutional protection against ex post facto laws, that the State's prosecution was "untimely instituted", and that he received ineffective assistance of counsel.  In its opposition memorandum, the State contends that Rolland's habeas petition is time-barred.  For the following reasons, the Court agrees.

**<u>ANALYSIS</u>**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. §2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[21]   <u>See</u> 28 U.S.C. §2244(d)(1) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, because Rolland's time for seeking review expired August 29, 1994, his one-year limitation period commenced running on that

---

[21]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997).

date, giving him until August 29, 1995, to timely seek habeas corpus relief.

However, the United States Fifth Circuit has held that, for a prisoner such as Rolland, whose conviction became final prior to the AEDPA's effective date, a one-year grace period, from April 24, 1996 until April 24, 1997, must be allowed during which a petitioner could timely file a federal post-conviction habeas challenge. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 201-02 (5th Cir. 1998). Rolland filed the instant action on September 29, 2010.[22] Thus, Rolland's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as provided for in 28 U.S.C. §2244(d)(2). Under that statutory provision, "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this

---

[22]This September 29, 2010 filing date was ascertained via the Court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. <u>See Colarte v. Leblanc</u>, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application).

subsection." 28 U.S.C. §2244(d)(2) (emphasis added).  By its plain language, this provision does <u>not</u> create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.  <u>Flanagan</u>, 154 F.3d at 199 n.1.  The Supreme Court has clearly described this provision as a tolling statute.  <u>Duncan v. Walker</u>, 533 U.S. 167, 175-178 (2001).

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

<u>Flanagan</u>, 154 F.3d at 199 n.1; <u>accord</u> <u>Brisbane v. Beshears</u>, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); <u>Gray v. Waters</u>, 26 F. Supp.2d 771, 771-772 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must

conform with a state's applicable procedural filing requirements. <u>Williams v. Cain</u>, 217 F.3d 303, 306 (5th Cir. 2000).  In <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 414 (2005) (quoting <u>Carey v. Saffold</u>, 536 U.S. 214, 226 (2002)), the Court provided: "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of §2244(d)(2)."

As noted earlier, on May 17, 1995, Rolland filed with the state district court a motion to correct an illegal sentence, complaining that his August, 1994 sentences constituted a violation of his constitutional protection against ex post facto laws.  On November 8, 1995, Rolland sought to pursue the above claim via a different avenue, filing a motion for appeal with the state district court.  The district court granted his notice of appeal, dismissed his pending motion to correct an illegal sentence and, thereafter, on February 3, 1996, Rolland filed "Writs of Certiorari, Mandamus and Prohibition", No. 1996-KA-11, with the Louisiana Fifth Circuit Court of Appeal, reiterating his claim that his August, 1994 sentences constituted a violation of his constitutional protection against ex post facto laws.  On April 30, 1996, the Louisiana Fifth Circuit Court of Appeal dismissed Rolland's action, No. 1996-KA-11, as untimely.  <u>Rolland</u>, 673 So.2d 1229.

The State submits that the above-referenced action, No. 1996-KA-11, should not toll Rolland's prescriptive period under the provisions of §2244(d)(2) because it was not properly filed as evidenced by the fact that the Louisiana Fifth Circuit dismissed it as untimely. (Rec. doc. 7, State's Response, p. 13). Rolland, however, counters that his proceeding should not have been deemed untimely because he was seeking to correct illegal sentences and, under the provisions of La.C.Cr.P. art. 882, "[a]n illegal sentence may be corrected **at any time** by the court that imposed the sentence or by an appellate court on review [emphasis added]." (Rec. doc. 8, Rolland's Rebuttal, pp. 1-3).

In a situation where a petitioner's claim that his sentence is illegal is based on trial court error, in this case, the court's alleged error in sentencing Rolland pursuant to the laws in effect at the time of sentencing rather than the laws in effect at the time Rolland committed the unlawful acts, such a claim or action is not properly considered to constitute a motion to correct an illegal sentence subject to the open-ended limitations period set forth under La.C.Cr.P. art. 882. See Benton v. Warden, Allen Correctional Center, 2010 WL 1251652, *1 n.2 (W.D. La. Feb. 19, 2010) (Hayes, M.J.); see also Rodriquez v. Rader, 2010 WL 5598332, *1 (E.D. La. Nov. 5, 2010) (Wilkinson, M.J.). As such, the dismissal of Rolland's action, No. 1996-KA-11, pending during his

one-year prescriptive period, was not improperly dismissed on state procedural grounds.

Assuming, _arguendo_, that the pertinent matter, No. 1996-KA-11, had been properly filed, the matter was pending before the state appellate court until April 30, 1996, only the first six days of Rolland's one-year grace prescriptive period (April 24, 1996 to April 24, 1997). Following the Louisiana Fifth Circuit's April 30, 1996 dismissal, Rolland had 30 days, until May 30, 1996, to timely seek relief from the Louisiana Supreme Court.[23] Because Rolland failed to seek relief from the Louisiana Supreme Court, his one-year prescriptive period commenced to run on May 31, 1996. _See_ _Melancon v. Kaylo_, 259 F.3d 401, 406 (5th Cir. 2001) (writ application ceases to be "pending", for purposes of interrupting prescription, when application to the next level of state-court review is not timely made).

---

[23]La. Supreme Court Rule X, Section 5(a) provides, in pertinent part:

> An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal....

On January 17, 1997, Rolland filed with the state district court a <u>pro</u> <u>se</u> "Motion to Compel Production of Public Records".[24] On February 21, 1997, Judge McCabe granted Rolland's motion to the extent he sought copies of all minute entries.   In all other respects, the district court denied Rolland's motion.[25]   This filing, however, did not toll the running of Rolland's one-year statute of limitations.   <u>See</u> <u>Boyd v. Ward</u>, 2001 WL 533221, *4 (E.D. La. 2001) ("Although Boyd had, in the interim, litigated his entitlement to a free copy of his guilty plea and sentencing transcript through the state court system, the Court does not believe that those proceedings qualify as '. . . application[s] for State post-conviction or other collateral review . . .' so as to toll the limitation period under §2244(d)(2) because they were preliminary in nature and did not directly call into question the validity of Boyd's conviction or sentences.")   <u>See</u> <u>also</u> <u>Brisbon v.</u> <u>Cain</u>, 2000 WL 45872, *2 (E.D. La. 2000).

It was not until June 11, 1997, that Roland again sought relief in connection with his alleged illegal sentences, filing an "Application for Post Conviction Relief" with the state district court.   Rolland's statute of limitations, however, had expired

---

[24]State rec., vol. 3 of 4, pp. 35-38.

[25]State rec., vol. 3 of 4, p. 40.

eleven days earlier, on May 31, 1997.  Accordingly, the instant matter is time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'"  Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999) (quoting Davis v. Johnson, 158 F.3d 806 (5th Cir 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999)).  It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (citing Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).  The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of §2254 relief.  Coleman, 184 F.3d at 403.

In his rebuttal (rec. doc. 8, p. 2), Rolland blames his counsel for his failure to timely seek relief in connection with his illegal sentences.  First, Rolland asserts that his trial counsel, Joseph Depaoli, was ineffective in allowing him to be sentenced illegally and then failing to follow up with an appeal to show that his sentences were illegal.  Next, Rolland blames his second attorney, Emma Vaughn Simpson, for taking $15,000 from him then failing to timely seek post-conviction relief.  However, it is well-established that missteps on the part of counsel are

insufficient to warrant equitable tolling.  See Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) ("attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified"); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (death of attorney's father two weeks before filing deadline did not constitute extraordinary circumstances for equitable tolling purposes); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (attorney's confusion over applicability of §2241(d)(1) did not justify equitable tolling), cert. denied, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001); Harris v. Hutchinson, 209 F.3d 325, 330-331 (4th Cir. 2000) (attorney's mistaken interpretation of §2244(d) limitation provision did not justify equitable tolling); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (attorney's miscalculation of limitations period was not valid basis for equitable tolling); Sandvik v. United States, 177 F.3d 1269, 1272 (11th Cir. 1999) (untimeliness resulting from attorney's use of ordinary mail did not justify equitable tolling).

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Rene Rolland, be **DENIED WITH PREJUDICE** as untimely.

16

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[26]

New Orleans, Louisiana, this 31st day of _____March_____, 2011.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[26]Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.

17

# *Application For Writs*

## No. '09-WR-516

# COURT OF APPEAL, FIFTH CIRCUIT

# STATE OF LOUISIANA

JUL 10 2009

*Mary O Legna*

Deputy Clerk

**STATE EX REL., RENE ROLLAND**
**VERSUS**
**STATE OF LOUISIANA**

IN RE  RENE ROLLAND

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE PATRICK J. MCCABE, DIVISION "F", NUMBER 94-2120

**Attorneys for Relator:**

Rene Rolland #343987
Hunt Correctional Center
P. O. Box 174
St. Gabriel, LA 70776

**Attorneys for Respondent:**

Terry M. Boudreaux
Assistant District Attorney
Parish of Jefferson
200 Derbigny Street
Gretna, LA 70053
(504) 368-1020

## RECONSIDERATION GRANTED; RELIEF DENIED

(See Attached)

Gretna, Louisiana, this __1st__ day of __March__, 2011.

ISSUED __5__ COPIES



RENE ROLLAND                                    NO. 09-WR-516

VERSUS                                          FIFTH CIRCUIT

STATE OF LOUISIANA                              COURT OF APPEAL

                                                STATE OF LOUISIANA


**RECONSIDERATION GRANTED; RELIEF DENIED**

On April 24, 2009, the Louisiana Supreme Court transferred <u>State ex rel.</u>

<u>Rene Rolland</u>, 09-0482 (La. 4/24/09), 7 So.3d 1186 to this Court for

consideration.[1]  We have reviewed our records and found that relator had filed one

*pro se* writ application with this Court between February 8, 1994 and May 21,

2007.  In order to fully comply with this Court's en banc resolution of September

9, 2008, we are reviewing all *pro se* writ applications filed by relator prior to May

21, 2007.[2]

**ANALYSIS:**

On August 22, 1994 relator pled guilty to one count of forcible rape, a

violation of La. R.S. 14:42.1, and one count of aggravated incest, a violation of La.

R.S. 14:78.1.  He was sentenced to forty years at hard labor for the forcible rape

(two years of which were to be served without benefits) and twenty years at hard

labor for the aggravated incest, both sentences to run concurrently (District Court

No. 94-2120).  On April 30, 1996, this Court dismissed relator's appeal as

untimely.[3]  Relator subsequently sought another appeal, which this Court dismissed

on March, 29, 2001 for the failure of counsel to take any action on the appeal.[4]

On June 30, 2005, relator filed a motion to correct an illegal sentence with

the 24th Judicial District Court.  He alleged that his conviction and sentence were

the result of an ex post facto application of the law.  On July 11, 2005, the trial

---

[1] <u>State v. Cordero</u>, 08-1717 (La. 10/3/08), 993 So.2d 203, <u>reh'g denied</u>, (La. 10/31/08).
[2] We did not reconsider writ applications filed after May 21, 2007 as those were randomly allotted to three-judge panels pursuant to our current procedure.
[3] <u>See State v. Rolland</u>, 96-11 (La. App 5 Cir. 4/30/96), 673 So. 2d 1229.
[4] <u>See State v. Rolland</u>, 00-1673 (La. App. 5 Cir. 3/29/01) (unpublished order), attached.

court denied relief on the grounds of repetitiveness.  On September 28, 2005,

relator filed his first *pro se* writ application with this Court seeking review of the

trial court's denial.  On October 5, 2005, this Court denied relief with the following

disposition:

> **Writ Denied.  On the presentation, the application discloses no error in the trial court's ruling of July 11, 2005, on relator's Motion to Correct an Illegal Sentence.  Accordingly, this writ application is denied.**[5]

The Louisiana Supreme Court denied writs on September 15, 2006.[6]  In its denial,

the Court stated that the filing was repetitive and cited La. C.Cr.P. art. 930.4(D).[7]

Relator's ex post facto claim is not properly brought in a motion to correct

an illegal sentence, but in an application for post-conviction relief.[8]  Recognizing

that "arbitrary requirements of form and pleading should not be allowed to obstruct

access to judicial review," we will consider relator's motion as an application for

post-conviction relief, where all the accompanying restrictions apply.[9]

The record in this matter indicates that prior to filing the motion to correct

an illegal sentence that is at issue here, on September 9, 1999, relator filed a

motion to correct an illegal sentence, which was denied by the trial court on

October 26, 1999. Given that relator's previous motion to correct an illegal

sentence was addressed by the trial court, we find that the trial court did not err in

denying relief on relator's second motion on the grounds of repetitiveness.

Furthermore, since relator filed his second motion on June 30, 2005, more than ten

years after his initial guilty plea, we find that his motion was untimely under La.

C.Cr.P. art. 930.8.  Based on our current analysis, we conclude there was no error

in this Court's previous ruling on relator's writ application.

---

[5] State v. Rolland, 05-848 (La. App. 5 Cir. 10/5/05) (unpublished writ disposition).
[6] State ex rel. Rolland v. State, 06-0534 (La. 9/15/06), 936 So.2d 1259.
[7] Id.
[8] See La. C.Cr.P. art. 930.3(6) and State v. Parker, 98-0256 (La. 5/8/98), 711 So.2d 694, 695 (holding that if a filing does not point to a claimed illegal term in the sentence, the claim is not cognizable in a motion to correct an illegal sentence and must be raised through an application for post-conviction relief).
[9] State v. Obney, 95-0439 (La. App. 3 Cir. 7/6/95), 663 So.2d 69, 70.

2

**CONCLUSION:**

In sum, we have reviewed our ruling on relator's *pro se* writ application, 05-KH-848, filed with this Court before May 21, 2007.  Based on our current analysis, we conclude that there was no error in the prior ruling of this Court.  Accordingly, we remain with this Court's original disposition in relator's previous writ application, and deny the relief requested in the instant <u>Cordero</u> writ application.

Gretna, Louisiana, this __/ st__ day of __March__, 2011.

_____
**JUDGE SUSAN M. CHEHARDY**

_____
**JUDGE CLARENCE E. MCMANUS**

_____
**JUDGE FREDERICKA HOMBERG WICKER**